**The below described is SIGNED.**

**Dated: January 02, 2013**

_____
**R. KIMBALL MOSIER
U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **In re:**<br><br>**KENNETH A LIPPMANN and<br>BEVERLY C. LIPPMANN**<br><br>Debtors. | **Bankruptcy Case No. 12-25043<br>Chapter 11**<br><br>**Judge R. Kimball Mosier**<br><br>**(Filed Electronically)** |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEBTORS' MODIFIED PLAN OF REORGANIZATION

Confirmation of the Debtors' Modified Plan of Reorganization filed by Kenneth A Lippmann and Beverly C. Lippmann, dated December 13, 2012 [docket # 79] (the "Plan"), came on for hearing before the Honorable R. Kimball Mosier on December 13, 2012 at 10:00 a.m. Proper notice of the confirmation hearing has been made. The Bankruptcy Court,[1] having considered the matters before it, including the Plan, the Plan ballots, the Declaration of Kenneth A Lippmann in Support of Confirmation of the Plan which is on file with the Bankruptcy Court, the sole objection to the Plan having been withdrawn by the objecting Creditor, all Creditors having now voted to accept the Plan, or being deemed to accept the Plan as a non-voting class,

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

and good cause appearing, hereby makes the following Findings of Fact and Conclusions of Law, in addition to any findings of fact made of record at the hearing:

1. On December 13, 2012, the Debtor filed its Modified Plan of Reorganization, dated December 13, 2012, at docket number 79 (the "Plan").

2. Notice of the Confirmation Hearing was sufficient and complied with applicable requirements of the Bankruptcy Code and Bankruptcy Rules.

3. The Plan complies with the applicable provisions of the Bankruptcy Code.

4. The Plan complies with applicable provisions of section 1122 of the Bankruptcy Code in that it has placed within each respective Class only those Claims or Interests which are substantially similar. Each secured claim is separately classified according to its various rights, and similarly situated unsecured claims are classified in their respective classes.

5. The Plan complies with section 1122 in that the there are not too few or too many Classes, the classification is not designed to manipulate voting, and the classification scheme does not violate basic priority rights.

6. The Plan complies with the applicable provisions of section 1123 of the Bankruptcy Code as specifically described hereafter.

7. The Plan complies with sections 1123(a)(1) through (4) of the Bankruptcy Code in that it designates Classes of Claims and Classes of Interests, specifies which Classes of Claims and Interests are and are not Impaired, specifies the treatment of all Impaired Classes of Claims and Interests; and provides for the same treatment for each Claim or Interest of a particular Class unless the holders thereof agree to a less favorable treatment.

8. The Plan complies with sections 1123(a)(5) of the Bankruptcy Code in that the Plan provides adequate means for implementation, including, without limitation, retaining all property of the estate by the Debtors, and providing reasonable time to pay all Allowed Claims through refinancing and/or sale of the estate's assets.

9. The Plan complies with section 1123(a)(8) of the Bankruptcy Code in that it will pay Allowed Claims in full from the sale of estate assets, and thus no earnings from personal services are necessary for the execution of the Plan. Furthermore, the Debtors' home is worth several hundred thousand to even $1,000,000 more than the total of Allowed Claims under the Plan.

10. The Plan complies with section 1123(b) of the Bankruptcy Code in that it provides for the treatment of all Claims and Interests, whether Impaired or otherwise, provides for the assumption or rejection of all executory contracts or unexpired leases of the Debtors, and includes other appropriate provisions not inconsistent with the Bankruptcy Code. Any creditors whose claims are modified under the Plan and secured by the Debtors' personal residence have consented to such treatment by not objecting to or voting against the Plan.

11. The Plan complies with section 1126(a) of the Bankruptcy Code in that holders of Claim or Interests have been entitled to vote to accept or reject the Plan.

12. Ballots soliciting acceptances or rejections of the Plan have been provided to each such holder entitled to vote, and such Ballots have been tabulated by Debtors' counsel.

13. The results of such balloting have been filed with the Bankruptcy Court and no party in interest has objected either to the procedures for notice and balloting, the execution of such procedures, or the final tabulation of such Ballots.

14. The Plan complies with section 1126(c) of the Bankruptcy Code in that all Creditors in all Classes have voted to accept the Plan, or are deemed to accept as no votes in a Class were cast.

15. The Plan complies with the applicable provisions of section 1129 of the Bankruptcy Code as specifically described hereafter.

16. The Plan complies with section 1129(a)(1) and (2) of the Bankruptcy Code in that the Plan and the Debtors complied with the applicable provisions of title 11 of the United States Code.

17. The Plan complies with section 1129(a)(3) of the Bankruptcy Code in that the Debtors have proposed the Plan in good faith and not by any means forbidden by law.

18. The Plan complies with section 1129(a)(4) of the Bankruptcy Code in that any payment made or to be made by the Debtors for services or for costs and expenses in or in connection with the Bankruptcy Case has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable.

19. The Plan complies with section 1129(a)(5) of the Bankruptcy Code as there are no other directors, officers or voting trustees to be appointed for the Debtor.

20. Section 1129(a)(6) of the Bankruptcy Code does not apply because there is no such rate change sought;

21. The Plan complies with sections 1129(a)(7) and (8) in that with respect to each Impaired Class of Claims or Interests, holders of such Class have accepted the Plan, or were unimpaired.

22. The Plan complies with section 1129(a)(9)(A) in that, except to the extent that a holder of a particular Claim has agreed to a different treatment, the Plan provides that, with respect to Claims of a kind specified in sections 507(a)(2) or (3) of the Bankruptcy Code, the holder of such a Claim will receive, on the Effective Date or the date such Claim becomes Allowed, Cash equal to the Allowed amount of such Claim;

23. The Plan complies with section 1129(a)(9)(B) in that, except to the extent that a holder of a particular Claim has agreed to a different treatment, the Plan provides that, with respect to Claims of a kind specified in sections 507(a)(1) and (4) through (7), each such holder of such a Claim will receive, on the Effective Date or the date such Claim becomes Allowed, Cash equal to the Allowed amount of such Claim;

24. The Plan complies with section 1129(a)(9)(C) in that the holders of Claims of the kind specified in section 507(a)(8) will receive Cash equal to the Allowed amount of such Claims within the time period stated in section 507(a)(8);

25. The Plan complies with section 1129(a)(10) in that the Plan had eight Classes of Claims which were Impaired, and all such Classes of Claims voted, or are deemed to vote, to accept the Plan.

26. The Plan complies with section 1129(a)(11) because the Plan contemplates and provides for the obtaining of new or modified financing, or the sale of the assets to pay Allowed Claims.

27. The Plan complies with section 1129(a)(12) in that the Plan provides for the payment of all fees payable under section 1930 of title 28 as of the Effective Date, and in fact the Debtor has made all such required payments throughout the administration of this case.

28. Section 1129(a)(13) of the Bankruptcy Code does not apply because the Debtor does not have, and will not have, after the Effective Date, any obligation for the payment of retiree benefits, as that term is defined in section 1114 of the Bankruptcy Code.

29. Section 1129(a)(14) of the Bankruptcy Code does not apply because the Debtors are not under any domestic support order.

30. Section 1129(a)(15) of the Bankruptcy Code does not apply because no such objections were filed, or they have been withdrawn.

31. Section 1129(a)(16) of the Bankruptcy Code does not apply because the Debtor is not one of entities subject to such special restrictions on transfers.

32. To the extent required, the Plan complies with the applicable provisions of Section 1129(b) in that the Plan is fair and equitable to all Classes, and secured creditors will receive deferred cash payments as set forth in the Plan.

33. The only objection to the Plan, which was filed by Liberty Bank, has been withdrawn.

34. A Disclosure Statement, under section 1125, has been sent to all Creditors.

35. The proposed modifications to the Plan constitute either clarifications relating to particular Claims by agreement between the Debtor and the applicable Claimant, or an accelerated time to begin marketing and selling the Lippmann Home to pay Allowed Claims in full, and, as such, do not materially adversely affect or change the treatment of any other claim;

36. The proposed modifications of the Plan do not require additional disclosure under section 1125 or re-solicitation of votes under section 1126, nor do they require that holders of Claims be afforded an opportunity to change previously cast acceptances of the Plan.

## CONCLUSIONS OF LAW

Based on the foregoing Findings of Fact, the Court hereby concludes, as a matter of law, that:

A. <u>Confirmation</u>. The Plan, as modified should be approved and confirmed under section 1129. The modifications made to the Plan since voting by Creditors do not require the re-solicitation of Ballots.

B. <u>Objections to Plan</u>. The sole objection to the Plan, which was filed by Liberty Bank, has been withdrawn.

C. <u>Plan Modifications</u>. The Plan includes additional non-material revisions, or non-detrimental revisions which do not require re-soliciation because the revisions recognize a fully allowed secured claim of Liberty Bank, who already had a secured lien against the Lippmann Home, and provides for a quicker deadline for the Debtors to market their home to pay creditors. These modifications constitute clarifications or improvements to the treatment of Claims, and do not harm any other Class, and are not material. Accordingly, additional disclosure or re-solicitation is unnecessary.

D. <u>Binding Effect</u>. Upon entry of a confirmation order, the Plan and its provisions shall bind the Debtors, all Creditors, Interest Holders and other parties in interest, whether or not the Claim or Interest of such Creditor or Interest Holder is impaired under the Plan and whether or not such Creditor or Interest Holder has accepted the Plan.

E. <u>Vesting of Assets</u>. Pursuant to the Plan and except as otherwise expressly provided in the Plan, on the Effective Date, without any further action, all of the Assets of the Debtors' Estate shall vest in the Debtors, free and clear of all Claims, liens, encumbrances,

charges and other interests, except as otherwise provided in the Plan. From and after the Effective Date, the Debtor may use and acquire and dispose of property and settle and compromise claims or interests arising on or after the Effective Date without supervision by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Rules, including applicable local rules, other than those restrictions expressly imposed by the Plan.

F. <u>Assumption or Rejection of Executory Contracts and Unexpired Leases</u>. Pursuant to the Plan, as of the Effective Date, all leases and executory contracts are deemed rejected.

G. <u>Preservation of Rights of Action</u>. Pursuant to the Plan, the Debtors shall retain, as of the Effective Date, and may enforce any and all Claims of the Debtors.

H. <u>Discharge of the Debtors</u>. Except as otherwise provided in the Plan and the Schedules to the Plan: (i) the Debtors shall be deemed discharged and released to the fullest extent permitted by section 1141 of the Bankruptcy Code from all Claims and Interests that arose prior to the Effective Date, including Claims arising under sections 502(g), 502(h) and 502(i) of the Bankruptcy Code. Except as provided in the Plan, all Persons shall be precluded from asserting against the Debtors or their Assets any Claim or Interest.

I. <u>Discharge Injunction</u>. Except as otherwise provided in the Plan, on and after the Effective Date, all Persons who have held, currently hold or may hold a Claim or Interest are permanently enjoined from taking the following action against the Debtors and their Cash and Assets in any manner inconsistent with the Plan and the Confirmation Order: (i) commencing or continuing an action or proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; or (iii) creating, perfecting or enforcing any lien or encumbrance. To the extent that the Debtors are injured by a willful violation of such

injunction, the Debtors shall be entitled to recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages from a willful violator. Nothing herein shall be construed to grant a discharge that exceeds the scope of the discharge otherwise provided pursuant to the Bankruptcy Code.

J. <u>Notice of Entry of Confirmation</u>. Within ten (10) Business Days following the occurrence of the Effective Date, the Debtors shall serve notice of the entry of the confirmation order pursuant to Bankruptcy Rules 2002(f)(7), 2002() and 3020(c) on all Creditors and Interest holders, the United States Trustee, and other parties in interest, by causing a copy of the confirmation order only (without an additional copy of the Plan) to be delivered to such parties via first-class mail, postage prepaid.

K. <u>Bankruptcy Court Retention of Jurisdiction</u>. Notwithstanding anything contained in the Plan, this Court shall retain jurisdiction over the post confirmation Debtors only to the extent permitted under the Bankruptcy Code. This Court shall retain jurisdiction to the extent necessary to enforce the Plan.

L. <u>Entire Agreement</u>. The Plan supercedes all prior discussions, understandings, agreements, and documents pertaining to or relating to any subject matter of the Plan. If any inconsistency between the provisions of the confirmation order and the provisions of the Plan exists, the provisions of the Plan will govern and control.

M.  <u>Implementation</u>.  Upon entry of the confirmation order, the Debtors shall be authorized and directed to implement the terms of the Plan, and perform such other acts as required by the Plan.

[End of Order]

Approved as to form:

United States Trustee

*/s/ Peter J. Kuhn* (signature used with express written permission)
Peter J. Kuhn
*Counsel for the United States Trustee*

Ray Quinney & Nebeker

*/s/ Steven Call* (signature used with express written permission)
Steven Call
*Counsel for Liberty Bank*